UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KONAN KILE,

                    Plaintiff,

        v.

JOMAX LLC,

                    Defendant.

CASE NO. C25-5923 BHS

ORDER

THIS MATTER is before the Court on defendant Jomax LLC's motion for judgment on the pleadings, Dkt. 14, and on plaintiff Konan Kile's unopposed motion to amend her complaint to add new defendants, Dkt. 15.

Kile sued Jomax in Pierce County Superior Court on August 14, 2025, alleging that Jomax is a debt collector, that it purchased a debt she owed to an unnamed entity, and that she noticed in February 2025 that Jomax was incorrectly reporting her debt as "disputed." She contends that Jomax continued to report her debt as "disputed," even after she sent it notice that she was withdrawing her dispute, and demanded that Jomax

ORDER - 1

remove that notation.[1] Dkt. 1-2 at 2. She asserts claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and the Washington Collection Agency Act., RCW 19.16.250.

Jomax timely removed the case here based on the federal claim. Its answer asserted that Kile is judicially estopped from asserting these claims. Dkt. 12 at 5. It now seeks judgment on the pleadings under Federal Rule of Procedure 12(c), asking the Court to take Federal Rule of Evidence 201 judicial notice of public records attached to its motion. Dkt. 14 at 3 n.1 and 2 (citing Dkt. 14-1).

The Court will take judicial notice[2] of the public records. They demonstrate that three weeks before she sued Jomax, Kile filed for protection under Chapter 7 of the Bankruptcy Code. She listed as an asset one "claim against third parties, whether or not you have filed a lawsuit or made a demand for payment":

> Personal injury claim arising from motor vehicle accident that occurred on December 3, 2021. Debtor is represented by attorney Spencer Freeman. Lawsuit was filed in Pierce County Superior Court on March 12, 2024 and is awaiting trial.

---

[1] The Court notes that it is far more common for an FDCPA plaintiff to assert that a creditor has *failed* to note that the debt is "disputed."

[2] Under Federal Rules of Evidence 201, a court may take judicial notice of "matters of public record. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A judicially noticed fact must be one "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *abrogated on other grounds*, *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (A court may not take judicial notice of "disputed factual matters," though it may take judicial notice of the fact that prior court proceedings occurred.).

ORDER - 2

Dkt. 14-1 at 15. Kile claimed the asset was "exempt" under RCW 6.15.010(1)(d)(vii). *Id*. at 18.

Kile's bankruptcy filing also listed a $19,492 unsecured debt to Jomax. *Id*. at 21. She listed that debt as "not subject to offset." *Id*. She did not amend her schedule to list her claim against Jomax in this case. On October 29, 2025, the Bankruptcy Court discharged Kile's debts, including her debt to Jomax. *Id*. at 52.

Jomax argues that Kile's failure to list her claims against Jomax as an asset in her bankruptcy case judicially estops her from asserting a claim against it in this lawsuit. Dkt. 14 at 7. It argues the Ninth Circuit has "repeatedly applied judicial estoppel where a debtor fails to disclose a potential cause of action in bankruptcy and later attempts to prosecute that claim after obtaining relief from the bankruptcy court." Dkt. 14 at 7–8 (citing *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir. 2001); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)). It asks the Court to dismiss Kile's claims against it with prejudice.

Federal Rule of Civil Procedure 12(c) "is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Mag. Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989)). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Judicial estoppel is an equitable doctrine invoked to prevent a party from gaining an advantage by taking inconsistent positions and to preserve the orderly administration of justice and regard for the dignity of judicial proceedings by protecting against a litigant "playing fast and loose with the courts." *See Milton H. Greene Archives v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). By prohibiting parties from deliberately changing positions according to the exigencies of the moment, it protects the judicial process's integrity. *See id*.

The circumstances under which judicial estoppel may be invoked are not reducible to a general formulation. *See id*. at 752. Nevertheless, the Supreme Court has identified three factors that help inform a Court's decision: (1) whether a party's later position is clearly inconsistent with its earlier position, (2) whether the party has succeeded in persuading a court to accept its earlier position, and (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Pegram*, 530 U.S. at 227.

ORDER - 4

Kile argues that any failure was "inadvertent," and that this litigation was filed "near the end" of her bankruptcy case. Dkt. 16 at 2. She argues that her positions in the two courts are not inconsistent, and that the Bankruptcy Court did not "accept" or rely on her failing to list all of her assets when it discharged all of her debts. *Id*. at 6.

Kile argues that even if her failure to disclose the claim is an "issue," the corrective is to stay this case and permit her to return to Bankruptcy Court, reopen her case, and permit the trustee to determine whether to pursue this claim on the estate's behalf. Dkt. 16 at 8–9 (citing *Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 271, 276–77 (9th Cir. 2013) (Where a debtor fails to disclose claims in bankruptcy due to "inadvertence" or "mistake," and moves to reopen their bankruptcy to disclose the litigation, judicial estoppel is inapplicable.)).

The Court does not agree. *Ah Quin* did result in a remand to the District Court, but it does not support permitting Kile to avoid dismissal here. *Ah Quin* involved an employment discrimination claim against an "unrelated third party," which was filed prior to the bankruptcy filing. The plaintiff's attorney in the discrimination case discovered the discrepancy and informed the defendant about the bankruptcy, and she proactively moved to reopen and correct her bankruptcy case. She explained why she had mistakenly not disclosed her discrimination case. *Ah Quin*, 733 F.3d at 278.

The Ninth Circuit reiterated the "basic" rule that where the debtor seeks to pursue post discharge a claim that was known but not disclosed, the action is barred:

> In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation),

judicial estoppel bars the action. *See, e.g., Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc.,* 989 F.2d 570, 571 (1st Cir.1993) ("Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively."); *Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir.1992) (holding that "[f]ailure to give the required notice [to the bankruptcy court] estops [the plaintiff-debtor] and justifies the grant of summary judgment to the defendants"). The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim *does* exist.

*Ah Quin,* 733 F.3d at 271.

Kile was plainly aware of the facts allegedly supporting her claims against Jomax when she filed for bankruptcy, and when she obtained a discharge—including a discharge of her debt to Jomax. Kile was represented by counsel throughout both proceedings. She was aware of the requirement that she list as an asset any claim against a third party; she listed her pending personal injury case and claimed it was exempt. There is no evidence supporting her claim or the conclusion that her failure to list the claims she asserts here was inadvertent. The timing and the context strongly implies the opposite.

Kile filed this suit 23 days after she filed for bankruptcy, and 76 days before her debts were discharged. Her claim is based on facts she alleges occurred well before she filed for bankruptcy, and they relate directly to a debt she listed and had discharged in that bankruptcy. She did not amend her bankruptcy filings, and she has made no move to reopen her bankruptcy. Her claim is against a creditor whose claim she erased in bankruptcy, not an unrelated third party. Permitting her to avoid dismissal by staying this case and letting her re-open her bankruptcy to properly list this claim is unfair to Jomax on this record. As *Ah Quin* recognized,

ORDER - 6

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Ah Quin*, 733 F.3d at 274 (citing the "oft-quoted" *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286–87 (11th Cir. 2002)).

In short, allowing Kile's claim against her former creditor to proceed after the discharge of her debt to that creditor would allow her to "play fast and loose" with the courts. Nothing prevented her from seeking to correct her error long before this motion was filed. Jomax's motion for judgment on the pleadings, Dkt. 14, is **GRANTED**, and Kile's claims against it are **DISMISSED** with prejudice.

Kile's motion to her amend complaint is unopposed. She seeks to add new defendants and new claims against them. Dkt. 15-1. It is not clear whether these claims similarly should have been listed on Kile's bankruptcy filing, and the Court cannot conclude that the amendment would be futile. Kile's motion to amend, Dkt. 15, is **GRANTED**, though the claims against defendant Jomax are dismissed and should be removed. She should revise her amended complaint and file it within **14 days**.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7