UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KONAN KILE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, et al.,

Defendants.

CASE NO. C25-5923 BHS

ORDER

THIS MATTER is before the Court on defendants TransUnion, LLC and Experian Information Systems, LLC's motion for judgment on the pleadings, Dkt. 35. These defendants are Credit Reporting Agencies (CRAs).

The CRA defendants' motion is based on the fact plaintiff Konan Kile failed to list as an asset in his Chapter 7 bankruptcy filing the Fair Credit Reporting Act ("FCRA") claims he asserted in this action, filed just 23 days later. They argue he is judicially estopped from obtaining a bankruptcy discharge of his debt while seeking to reserve the right to sue his creditors on his own behalf. Dkt. 35 at 4 (citing *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) (The "basic rule" is that "if a

plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action.").

Defendant Jomax (Kile's creditor) sought and obtained dismissal on the same basis in April 2026. Dkt. 18. The Court concluded under *Ah Quin* and other consistent authorities that Kile was judicially estopped from pursuing an action he knew about and failed to include in his bankruptcy filing. Dkt. 18.

Federal Rule of Civil Procedure 12(c) "is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Judicial estoppel is an equitable doctrine invoked to prevent a party from gaining an advantage by taking inconsistent positions and to preserve the orderly administration of justice and regard for the dignity of judicial proceedings by protecting against a litigant "playing fast and loose with the courts." *See Milton H. Greene Archives v. Marilyn*

*Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). By prohibiting parties from deliberately changing positions according to the exigencies of the moment, it protects the integrity of the judicial process. *See id*.

The circumstances under which judicial estoppel may be invoked are not reducible to a general formulation. *New Hampshire*, 532 U.S. at 750. Nevertheless, the Supreme Court has identified three factors that help inform a Court's decision: (1) whether a party's later position is clearly inconsistent with its earlier position, (2) whether the party has succeeded in persuading a court to accept its earlier position, and (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Pegram*, U.S. 530 at 227.

Kile's response to this second motion relies on the fact that, some six weeks after it was filed, he moved to re-open his Chapter 7, to amend his schedules to include these claims, and to properly permit the Trustee to decide whether to administer them for Kile's creditors. Dkt. 44 at 1. He asserts that this "corrective step" alters the calculus, and that the act of re-opening effectively removes the presumption of deceit, leaving the Court to ascertain whether the initial omission was in fact inadvertent or mistaken. *Id*. (citing *Ah Quin*, 733 F.3d at 276–277).

Kile argues that the Supreme Court recently confirmed whether a bankruptcy omission was inadvertent or a mistake must be judged on the totality of the circumstances and rejected rules that treat knowledge of the facts and a hypothetical motive to conceal as near-dispositive. *Id*. at 3 (citing *Keathley v. Buddy Ayers Constr., Inc*., __ U.S. __, 146 S. Ct. 1532, 1536 (June 11, 2026)). He argues that the factual issue of whether his failure was inadvertent cannot be resolved on the pleadings. *Id*.

Defendants reply that a debtor's re-opening of his bankruptcy proceedings does not mean that he is not judicially estopped from asserting a claim he failed to initially disclose, as the Court explained in its prior Order:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets. *Ah Quin*, 733 F.3d at 274 (citing the "oft-quoted" *Burnes v. Pemco Aeroplex, Inc*., 291 F.3d 1282, 1286–87 (11th Cir. 2002)).

Dkt. 45 at 3; *see also* Dkt. 18 at 6–7.

Defendants also point out that Kile's motion to re-open in the Bankruptcy Court asserts that he did not realize he had claims against the defendants until "many months after" his bankruptcy closed. It asserts and demonstrates that this claim is false. Dkt. 45 at 3 (attaching and referencing an August 22, 2025, email from Kile's attorney to Jomax stating: "I think it's time for me to add the credit agencies [defendants] to this case so we can get to the bottom of who is at fault."). This exchange occurred within days of Kile's

initial filing in Pierce County Superior Court, and well before his October 29, 2025, discharge.

The Court is not persuaded that *Keathley* undermines its prior Order or requires further factual inquiry into whether Kile's failure to list the claims he asserts in this case as assets in his Chapter 7 bankruptcy was the result of inadvertence or mistake.

*Keathley* did not "reject" *Ah Quin*; it cited *Ah Quin* with approval. *Keathley*, 146 S. Ct. at 1539. It rejected instead the Fifth Circuit's rigid application of judicial estoppel when the debtor knew of the facts and had a potential motive to conceal the undisclosed claim, because it failed to recognize that it is an equitable doctrine. *Id.* at 1540. The facts there do not support a similar result in this case.

In *Keathley*, the debtor was injured in an auto accident *after* she filed a Chapter 13 bankruptcy. She did not inform the Bankruptcy Court of her claim against the third-party tortfeasor—a "stranger" to the bankruptcy proceeding—either when it happened or when she sued. The third party moved for summary judgment on judicial estoppel. In response, Keathley "immediately" filed an amended schedule in Bankruptcy Court and submitted in response to the summary judgment motion an affidavit explaining why her failure was inadvertent. *Id.* at 1537–1538.

The District Court nevertheless dismissed, relying on Fifth Circuit precedent holding that a debtor who knew the facts and had a potential motive to conceal was judicially estopped as a matter of law. The Supreme Court rejected that authority in favor of an equitable rule that considers the "totality of the circumstances" surrounding the failure. *Id*. at 1540.

The totality of the circumstances in this case supports the equitable application of judicial estoppel. None of the equitable factors present in *Keathley* are present here. Kile knew the facts supporting his FCRA claims when he filed for bankruptcy protection under Chapter 7, and neither Jomax nor the CRA defendants were "strangers" to that filing. Kile listed (and obtained a discharge of) his debt to Jomax; the debt he alleges on "information and belief" that Jomax told the moving CRA defendants to update.

Unlike Keathley, Kile did not "immediately" move to correct his omission by attempting to re-open his bankruptcy case; he did so six months after the Court dismissed Jomax on judicial estoppel grounds, and six weeks after the CRA defendants moved to dismiss on the same basis.

Furthermore, there is no allegation in any pleading and no evidence in any affidavit explaining why the failure to list the claims as an asset was inadvertent. Kile's briefs do not even claim that it was. Dkts. 16 and 44. They suggest that the Court must ascertain whether there was some mistake, but do not claim there was a mistake, or explain how it happened. They do not explain why Kile waited so long to attempt to correct the bankruptcy record. Neither *Keathley* nor *Ah Quin* suggest that a debtor plaintiff can establish a factual issue about the viability of an unpled and unsupported "inadvertence" excuse for failing to list a known claim against a known creditor simply by filing a brief stating the failure may have been inadvertent, and doing nothing to correct the disclosure, for months. There are no allegations or facts supporting the inference that the failure was inadvertent.

On the facts and procedural history of this case, Kile is judicially estopped from asserting against the CRA defendants a known claim he failed to disclose to the Bankruptcy Court for almost a year.

Defendants' motion for judgment on the pleadings, Dkt. 35, is **GRANTED,** and Kile's remaining claims are **DISMISSED** with prejudice. The clerk shall enter a judgment and close the case.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge